FRANK RONDINA *vs.* AUGUST VOSSELMAN, alias.

JULY 22, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. This is a petition filed under the provisions of General Laws 1923, chapter 347, section 1 by the Leaders Market, Inc., a corporation, as garnishee in the above entitled case, asking this court to grant it a trial on the question of its liability as garnishee.

The record discloses the following facts. The original case was begun by writ of attachment issued out of the district court of the sixth judicial district, dated March 27, 1934, and served on the petitioner as garnishee the following day. This writ was duly returned to court and was unanswered. On April 16, 1934, the defendant was defaulted, and after proof, judgment was entered for the plaintiff. The petitioner herein filed no garnishee's affidavit as required by law and by reason of this default was charged under the statute. Thereafter, on October 16, 1934, execution on the plaintiff's judgment was issued by the district court, returnable January 16, 1935. This execution, after a demand made on the defendant and on the petitioner as garnishee, was returned *nulla bona* by the officer charged with its service, and was filed in court December 10, 1934.

The plaintiff by writ dated March 6, 1935, and returnable March 18, 1935, brought an action under the statute, General Laws 1923, chapter 351, section 20, against the petitioner as garnishee, to recover from it the amount of the judgment previously entered against the defendant herein. Thereupon, on March 14, 1935, the petitioner tendered to the clerk of the district court of the sixth judicial district a garnishee's affidavit and double the amount of the garnishee's fees, which tender was refused by the clerk. The present petition was filed in this court within a year after the entry of the judgment in the district court, and alleges, among other things, that the petitioner failed to file the garnishee's affidavit as required by law, through accident, mistake and unforseen cause, and for want of actual notice upon it by reason of the conduct of a clerk in its office at the time the original writ was served upon it as garnishee.

A method of relief for a garnishee, who has failed to file his return seasonably, against the bringing of an action against him under the above-mentioned statute, is provided in General Laws 1923, chapter 353, section 21. Construing this section, this court has decided that, at any time before

an execution has issued against the principal defendant, a garnishee, who has been charged by reason of his default, may be relieved from liability to any such direct action against him by filing with the clerk of the court in which he has been charged, an affidavit setting out what personal property he holds as garnishee, if any, that the failure to file an affidavit at the proper time was occasioned by accident, mistake, or unforseen cause, or want of actual notice, and by paying double the fees paid him as garnishee to such clerk at the time of filing the affidavit. *Marshall* v. *McCormick*, 27 R. I. 357.

If an execution on the judgment has been issued against the principal defendant and the garnishee, as in the present case, then the latter may follow the same procedure as above outlined at any time prior to the return-day of the execution, except that the tender of the affidavit and the payment of the fees and any property held as garnishee must be made to the officer holding the execution. *Grant* v. *N. Y. Life Insurance Co.*, 24 R. I. 11. If the execution has been held and not served upon the garnishee until approximately its return-day, then he has a reasonable time after such return-day to file the necessary affidavit and make the payments. *Newton* v. *Newton*, 54 R. I. 186.

In the matter now before us, however, the petitioner failed to take advantage of the relief provided by General Laws 1923, chapter 353, section 21, as above construed by this court. No tender of any affidavit or payment was made until long after the return-day of the execution. The rule laid down in the *Newton* case, *supra*, does not apply here because the service of the execution upon the petitioner was more than a month prior to the return day thereof. It seems clear, moreover, that in not tendering the affidavit and double fees until March 14, 1935, the return-day of the execution being January 16, 1935, the petitioner was guilty of an unreasonable delay, under the facts of this case.

The petitioner is now attempting to bring itself within the provisions of General Laws 1923, chapter 347, section 1,

which reads in part as follows: "A party or garnishee in any action or proceeding in the superior court or in any district court wherein no trial has been had, against whom a judgment has been rendered on nonsuit, default, or report of referees, by reason of accident, mistake, or unforseen cause, may, within one year after such judgment, petition the supreme court for a trial; . . ." This section has been passed upon several times by this court. The decisive question here is whether or not a judgment has been entered against the garnishee. It has been held that, when a garnishee has appeared and filed his answer and then has been charged by the action of the court, such a charging is in effect a judgment of the court and conclusive upon the garnishee and all parties to the suit, if not appealed from. *Alves* v. *Barber*, 17 R. I. 712. When, however, the garnishee has not appeared, as in the instant case, and has been charged by reason of his default, then he becomes liable by force of the statute and not by an adjudication of the court. Such a charging, it has been held, cannot be regarded as a judgment. *Eddy* v. *Providence Machine Co.*, 15 R. I. 7; *Premium Tea Co.* v. *Mallovelle*, 32 R. I. 335.

There being no judgment, therefore, entered against the petitioner as garnishee in the original proceeding, it cannot now claim the benefit of the provisions of General Laws 1923, chapter 347, section 1, which provides relief for a garnishee against whom a judgment has been rendered.

Since the charging of the petitioner as garnishee by reason of its default in the original case is not considered a judgment, it may offer any defense it may have in the action against it brought by the plaintiff to recover the amount for which it was charged. *Premium Tea Co.* v. *Mallovelle*, *supra*. Any language by way of *dicta* in *Vaughn* v. *Furlong*, 12 R. I. 127, which may seem to indicate a contrary holding in regard to the offering of defences by a garnishee under the above circumstances, is not adopted by us.

The petition is denied and dismissed.

*John H. DiStefano*, for garnishee.

*Fergus J. McOsker,* for plaintiff.