M. LILLIAN CURLEY *vs.* ARCAND SPRING COMPANY.

OCTOBER 27, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an action of the case brought under general laws 1923, chapter 351, sec. 20, to recover from the defendant the amount of a judgment obtained by the plaintiff in a previous law action against one Frank Kendall, as

the defendant, wherein Arcand Spring Company was named as garnishee.

In the district court a decision was entered for the plaintiff for sixty-three dollars and costs, and the defendant duly appealed to the superior court where the case was tried before a justice thereof without intervention of a jury. At the conclusion of the plaintiff's evidence, the defendant's motion for nonsuit of the plaintiff was granted by the trial justice, to which ruling the plaintiff duly excepted, and the case is before us solely upon this exception.

It appears that the original action of the plaintiff against Frank Kendall was commenced by writ of attachment, returnable to the sixth judicial district court, wherein Arcand Spring Company was named as garnishee. Frank Kendall, the defendant in that action, was employed by Arcand Spring Company, a foreign corporation doing business in this state, and he was also duly constituted by the corporation as attorney of record to receive service of writs upon it under G. L. 1923, chap. 248, sec. 65. Service of the original writ, according to the officer's return, was made upon Kendall personally and upon the garnishee by leaving an attested copy of the writ, with the date and time of day of service at the "office of said corporation in Providence in the hands and possession of a clerk employed in said office and by paying him one and 10/100 dollars for attendance and travel as such trustee." It does not appear from the return that said clerk was Kendall.

However, no exception was taken by the garnishee to the manner of service but, apparently pursuant thereto, it filed its garnishee's affidavit, signed by one McGowan, who purported to be its credit manager, to the effect that there was no money or personal property belonging to the defendant in its possession at the time the writ was served upon it as garnishee. That writ was duly entered, and was answered for Kendall by his attorney, and, on December 11, 1933, decision was entered therein for the plaintiff, by default of the defendant Kendall. Subsequently, on December 29,

1933, plaintiff's motion in that court to charge the garnishee, Arcand Spring Company, was denied on the ground that the court was without jurisdiction because of invalid service upon the garnishee. No appeal to the superior court from this ruling was taken by the plaintiff, nor was any execution on the judgment against the defendant Kendall then taken out by her. But, on January 23, 1934, plaintiff commenced the present action of the case against Arcand Spring Company, alleging in the first count that, as garnishee in the original action, its affidavit filed by McGowan, as credit manager of the garnishee was false, and, in the second, that it had failed to file any affidavit.

This case was entered in the sixth district court, where it was answered by the defendant and proceeded to a decision for the plaintiff, as stated, on February 16, 1934. The defendant corporation then appealed to the superior court, where the plaintiff elected to stand on the second count. Later the defendant made its motion for a nonsuit, on the ground of an invalid service on Arcand Spring Company, as garnishee in the original writ, and the motion was granted, to which ruling the plaintiff has prosecuted this exception.

The plaintiff urges that the service and return upon the original writ on this defendant, as garnishee, satisfies the provisions of G. L. 1923, chap. 350, sec. 22, "Service of writs," and therefore that the decision of the trial justice was clearly erroneous. In this contention the plaintiff relies upon the language of the above chapter which provides for the manner of service of writs of attachment and of garnishment upon certain corporations, and particularly upon the portion of the above section which prescribes for service or garnishment in the following language: "And if any other corporation, it shall be served by leaving an attested copy thereof, having indorsed thereon the date and time of day of such service, . . . with the attorney of the corporation appointed with authority to accept service of process against

the corporation in this state, . . . or at the office of such corporation with some person there employed, and shall tender to the person upon whom service is made the sum of . . . . ", etc.

The trial justice apparently interpreted that section as covering service only upon domestic corporations, and not upon foreign corporations which had duly registered in the office of the secretary of state the name of the attorney upon whom service, he held, must be made in this state. G. L. 1923, chap. 248, sec. 65. Whether this defense, if it was one, was available to the defendant in the instant case after its apparent recognition of service and submission to the jurisdiction by filing of its garnishee's affidavit pursuant thereto, and after its failure to make any objection to the jurisdiction of the court either in the original action as garnishee, other than when the motion to charge it was filed, or as the defendant in the instant case, presents a question of some doubt. We need not decide it here, but may assume under the existing circumstances that this defendant was properly before the court.

It does not follow, however, that the ruling of the trial justice in granting the defendant's motion for a nonsuit of the plaintiff was therefore entirely wrong. Wholly aside from the question of service and return thereof upon the original writ on Arcand Spring Company as garnishee, there is nothing in the record to show that the plaintiff had proved all the necessary elements of her case. Considered most favorably to her, as we must upon the defendant's motion for nonsuit, the defendant corporation's status was, in effect, equal to that of a garnishee which had been served properly but had failed to file any garnishee's return, as required by law. Upon such default it has been held that a garnishee is chargeable not by adjudication of the court but by operation of the statute; and that a mere charging of a garnishee, by reason of its failure to file a garnishee's affi-

davit, does not render it liable to pay as upon a judgment but only makes it liable to an action of the case, wherein all of its proper defenses are available to it. *Rondina* v. *Vosselman*, 55 R. I. 239, 180 A. 337, and cases cited.

If this be so, the plaintiff must proceed, as in any other action of the case, to prove all the elements necessary for recovery. One of such elements is that the judgment obtained by the plaintiff against the original defendant has not been paid in whole or in part. In the instant case there is no evidence that the defendant as garnishee was ever charged by adjudication of the court. On the contrary, it does appear that the plaintiff's motion to so charge it was denied and that no appeal was taken to that ruling. Nor is there any evidence that execution on her original judgment against Kendall was taken out and returned unsatisfied in whole or in part before this action was begun; or that the judgment against Kendall had not been paid. Obviously if the debtor Kendall had paid the judgment, the garnishee would not be required to pay it a second time, because the statute requiring a garnishee to file a return and prescribing a liability for default therein is not a penal one. See *Mack* v. *Reliance Ins. Co.*, 52 R. I. 402.

In the absence of evidence, as above indicated, the plaintiff failed to make a *prima facie* showing entitling her to recover in this action as brought, and therefore a nonsuit was properly granted upon motion of the defendant.

The plaintiff's exception therefore is overruled and the case is remitted to the superior court for further proceedings.

*John F. O'Connell*, for plaintiff.
*Frank H. Wildes*, for defendant.